UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

JOANN VITANZA-STEPHENS,             }
ON BEHALF OF HERSELF AND         }
ALL OTHERS SIMILARLY SITUATED,  }
                                   **}**
               Plaintiff,    }     Civil Action, File No.
         v               }
                                   }
ARS NATIONAL SERVICES INC.,      }
                                 }
            Defendant.   }

## COMPLAINT

## DEMAND FOR TRIAL BY JURY

Plaintiff, Joann Vitanza-Stephens [hereinafter "Vitanza"], on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendant, ARS National Services Inc. (hereinafter "ARS"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on ARS's regular transaction of business within this district.  Venue in this district also is proper based on ARS possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  ARS also derives substantial revenue from services rendered in this district.  The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4.  Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5.  Vitanza is a natural person who resides at 3 Regina Drive, Sayville, NY  11782.

6.  Vitanza is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7.  On or about April 25, 2018, ARS sent Vitanza the letter annexed as Exhibit A.  Vitanza received and read Exhibit A.  For the reasons set forth below, Vitanza's receipt and reading of Exhibit A deprived Vitanza of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8.  Per statements and references in Exhibit A, ARS sent Exhibit A to Vitanza in an attempt to collect a past due debt.

9.  The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, allegedly being issued a credit card account by Citibank, N.A. for her individual use, allegedly individually incurring charges by using the credit card account primarily for personal, family or household purposes, and then, as an individual, allegedly failing to pay for these charges. ARS, via Exhibit A, attempted to collect this past due debt from Vitanza in her individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. ARS is a California Domestic Business Corporation and a New York Foreign Business Corporation with a principal place of business located in Farmingdale, NY.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection

Agency License from the New York City Department of Consumer Affairs.  ARS possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. Based upon Exhibit A and upon ARS possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of ARS is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. On Exhibit A, ARS sets forth that it is a debt collector attempting to collect a debt.  Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

14. Based upon the allegations in the above three paragraphs, ARS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

16. Exhibit A contains the following statement:

> "As of the date of this, you owe $16,624.95.  Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater and an adjustment may be necessary after we receive your payment."

17. Upon information and belief, on the date of Exhibit A, Citibank, N.A actually was not accruing interest, late charges or other charges on the Balance Due set forth in Exhibit A;

and prompt payment of the $16,624.95 set forth in Exhibit A would have satisfied the debt set forth in Exhibit A.

18. The above allegation is based in part on Exhibit B and that, in addition to the above statement in Exhibit A, Exhibit A sets forth that no interest and no non-interest charges or fess have accrued since Charge-off.

19. If on the date of Exhibit A, Citibank, N.A actually was not accruing interest, late charges or other charges on the $16,624.95 set forth in Exhibit A, the statement set forth in paragraph 16, amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC § 1692g(a)(1), 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10).

## SECOND CAUSE OF ACTION-CLASS CLAIM

20. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

21. Exhibit A sets forth that no interest and no non-interest charges or fess have accrued since Charge-off.

22. Exhibit A also sets forth the following statement:

> "As of the date of this, you owe $16,624.95.  Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater and an adjustment may be necessary after we receive your payment."

23. The statement that no non-interest charges or fess have accrued since Charge-off conflicts with the statement set forth in paragraph 22.

24. As a result of the aforementioned conflicting statements, Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC § 1692g(a)(1), 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10).

### THIRD CAUSE OF ACTION-CLASS CLAIM

25. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

26. By sending Exhibit A to Vitanza, Defendant violated 15 USC § 1692c(a)(2) and/or 15 USC § 1692c(c).

### FOURTH CAUSE OF ACTION-CLASS CLAIM

27. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

28. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

### FIFTH CAUSE OF ACTION-CLASS CLAIM

29. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

30. As a result of sending Exhibit A to Plaintiff, Defendants violated of 15 USC 1692g.

### CLASS ALLEGATIONS

31. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

32. The class consist of (a) all natural persons (b) who received a letter from Defendant dated between April 25, 2019 and the present to collect a past due consumer debt, (c) in a form materially identical or substantially similar to Exhibit A

33. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

34. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

35. The predominant common question is whether Defendant's letters violate the FDCPA.

36. Plaintiff will fairly and adequately represent the interests of the class members.

37. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

38. A class action is the superior means of adjudicating this dispute.

39. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1.  As regards the First through Fifth Cause of Action, a Judgment against Defendant in favor of Plaintiff and the class members for statutory damages in the amount of $500,000, and costs and attorney's fees;

2.  As regards the Third Cause of Action, a Judgment against Defendant in favor of Plaintiff for actual damages in an amount to be determined at trial, and costs and attorney's fees; and

3.  Any and all other relief deemed just and warranted by this court.

Dated:            April 25, 2019

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107